In re **VISTA CONCEPTS, INC., d/b/a This Old House and Magnuson's, Debtor.**

**FOOTHILL ASSOCIATES, John E. King and Douglas Redican, Appellants,**

v.

George **ROSENBERGER and Gary Fowler, Appellees.**

BAP No. CC–83–1001–GAbV.

Bankruptcy No. LA–80–07368(CA).

Adv. No. LA–82–3622(CA).

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued April 21, 1983.

Decided May 23, 1983.

---

James L. Hand, Burke, Smith, Helenius & Hayes, San Luis Obispo, Cal., for appellants.

William H. McKenzie, Donley & McKenzie, San Luis Obispo, Cal., for appellees.

Before GEORGE, ABRAHAMS and VOLINN, Bankruptcy Judges.

GEORGE, Bankruptcy Judge.

Appeal has been taken from a reconveyance order of the lower court and from a judgment denying the debtor's petition to set aside an allegedly preferential transfer. These matters were, initially, consolidated on appeal. Sometimes after oral argument, however, the parties agreed to a dismissal of the appeal dealing with the issue of preference. For the reasons stated hereinafter, we vacate and remand, for further consideration, the bankruptcy court's reconveyance order.

## I. BACKGROUND

The facts underlying this appeal are relatively without contest. On November 13, 1979, the appellees, GEORGE ROSENBERGER, a director and shareholder of the debtor, and GARY FOWLER, commenced a civil suit against the debtor in California Superior Court. In connection with this civil action, on January 22, 1980, the appellees obtained an attachment lien against the debtor's real property, located in San Luis Obispo County, California. Therefore, on July 28, 1980, the debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

Following the filing of the debtor's petition, the bankruptcy court lifted the automatic stay to permit the appellees to proceed with their state court action. On December 7, 1981, a judgment was entered in favor of the appellees in that state court proceeding, which granted them a judgment lien in the subject real property, in the amount of $48,750.00.

In the meantime, on April 10, 1981, the bankruptcy court entered an order permitting the sale and conveyance of the debtor's restaurant business, including the real property on which it was located, to This Ol'e House, Inc. and Foothill Associates, "in a form satisfactory to the Purchaser." Pursuant to this order, the debtor subsequently conveyed this business and real property to the appellants, JOHN E. KING and DOUGLAS REDICAN, who were partners in Foothill Associates. A quitclaim deed from the debtor to King and Redican, dated March 27, 1981, was recorded on April 14, 1981.

Approximately one year following the sale of the debtor's restaurant property, Rosenberger and Fowler became convinced and concerned that the March 27, 1981 transfer to King and Redican precluded a merger of Foothill Associates' superior deed of trust interest into the title it would have obtained, had the debtor conveyed its real property title to that entity, in strict compliance with the April 10, 1981 order of the bankruptcy court. The appellees,

therefore, complained to have the March 27, 1981 conveyance set aside and a conveyance from the debtor to Foothill Associates ordered.

On October 5, 1982, the bankruptcy court ordered King and Redican to reconvey the restaurant property to the debtor, and the debtor, in turn, to convey the property to Foothill Associates. In its memorandum of decision, which accompanied this order, the trial court observed that

"[i]f Vista Concepts, Inc. had conveyed the real property to Foothill Associates in accordance with the court order of April 10, 1981, the interest of Foothill Associates as beneficiary of the deed of trust would have merged with their interest as owners of the property. The property should be placed in the name of Foothill Associates as was originally intended by the order of April 10, 1981."

This appeal followed entry of the bankruptcy court's order and memorandum of decision.

## II.  ANALYSIS OF THE FACTS AND THE LAW

The panel believes that a vacation and remand of the lower court's order of reconveyance is necessary. The April 10, 1981 order of the trial court, permitting the sale of the "This Ol'e House" business and real property, required that the sale be both to This Ol'e House, Inc. and to Foothill Associates, as one "Purchaser." The order further provided that the conveyance be "in a form satisfactory to the Purchaser." The panel must presume that this order was pursuant to an agreement between these entities and the then debtor-in-possession. Although the court below could clearly enforce its order according to its wording and intent, it could not alter, without their approval, the agreement between these parties on the sale and purchase of the debtor's restaurant. Hence, at the very least, the conveyance from the debtor should have been to the "Purchaser" named in the April 10, 1981 order, *i.e.*, both This Ol'e House, Inc. and Foothill Associates.

The addition of the phrase "in a form satisfactory to the Purchaser," could be interpreted as having permitted This Ol'e House, Inc., and Foothill Associates to name a third party or parties to receive title to the real property and restaurant business. Since this language is somewhat ambiguous, we remand this matter to the trial court to make additional findings on the question of whether This Ol'e House, Inc. and Foothill Associates were justified, by this provision, in naming King and Redican to receive their title to the subject real property.

The panel finds that the trial court's reference to the doctrine of merger, in the Memorandum of Decision which supports this order, was unnecessary under the pleadings before the court and, in any event, an incorrect conclusion of law. *See* 1 H. Miller & M. Starr, Current Law of California Real Estate § 3:50, at 411–12 (1975). Even though this merger language is not necessary support for the trial court's order and may be deemed non-binding dicta, we specifically reject this conclusion of law, to prevent any future inadvertent reliance upon it, under the doctrine of collateral estoppel.

## III.  CONCLUSION

We hold that the trial court's order of reconveyance improperly required a conveyance of the debtor's real property solely to Foothill Associates. Hence, we vacate that order and remand this matter to the trial court for additional proceedings in conformity with our holding.

The trial court's conclusion of law on the issue of merger, found in the Memorandum of Decision which accompanied its reconveyance order, is specifically reversed as a basis for that order.